IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) 06 CR 631-2 |
| | ) |
| | ) Judge Virginia M. Kendall |
| ADONIS HOUSE | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

On December 3, 2007, Defendant Adonis House was sentenced to a term of imprisonment of 188 months. House filed a Motion for Reduction of Sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on a recent amendment to the Sentencing Guidelines which lowered the base offense levels applicable to cocaine base ("crack") offenses. (Doc. 148). House filed his Motion for a Reduction of Sentence *pro se*. On March 30, 2012, this Court denied House's request to appoint counsel to assist him in this matter. (Doc. 153). The Government filed a Response to House's Motion, (Doc. 152), and House filed a Reply, (Doc. 154). Because Amendment 750 to the Guidelines does not have the effect of lowering House's applicable Guidelines range, House's sentence is ineligible for reduction. House's other arguments in support of his Motion do not affect the Court's analysis under 18 U.S.C. § 3582(c)(2). Consequently, his Motion is denied.

**I. BACKGROUND**

On August 31, 2006, House was charged in an indictment with drug-related offenses stemming from his distribution of crack cocaine in Chicago. The criminal case against House proceeded to trial on those charges on June 4, 2007. On June 7, 2007, a jury convicted House of the

1

crime with which he was charged. This Court sentenced House on December 3, 2007, to a term of imprisonment of 188 months. In imposing its sentence, the Court found that House's base offense level was 34 because he was responsible under the applicable Guidelines provision for 844.8 grams of crack cocaine. *See* USSG 2D1.1(c). The Court further found that House's base offense level was increased by a total of two levels pursuant to USSG § 3C1.1 for obstruction of justice by directing an intermediary to persuade a significant witness for the government from testifying at trial, resulting in a total combined offense level of 36. The Court also found that House's prior conduct placed him in Criminal History Category I. With a combined offense level of 36 and a Criminal History Category of I, the Court found that the applicable Guidelines range was 188 months to 235 months imprisonment. House was also subject to a mandatory minimum sentence of 120 months imprisonment. *See* 18 U.S.C § 841(b).

House now seeks a retroactive reduction of his sentence pursuant to part A of Amendment 750 to the Guidelines, which took effect on November 1, 2011. *See* USSG, App. C, Amdt. 750 (2011). The Government argues that the Amendment is inapplicable to House because it does not reduce his Sentencing Guidelines range and consequently the Court cannot reduce his sentence.

## II. DISCUSSION

The Fair Sentencing Act of 2010, which alters the statutory penalties applicable to crack cocaine offenses, became effective on August 3, 2010. *See* Pub. L. No. 111-220, 124 Stat. 2372 (2010). The aim of the Act is to reduce the disparity between prison sentences for powder cocaine offenses and for crack cocaine offenses. Under the Anti-Drug Abuse Act of 1986, the mandatory minimum prison terms for powder cocaine and crack based offenses reflected a 100-to-1 disparity between the amounts of crack cocaine and powder cocaine needed to trigger the mandatory

minimums. *See* 21 U.S.C. §§ 841(b)(1)(A)(iii), (B)(iii) (2006 ed.). The Fair Sentencing Act reduced the disparity between crack and powder cocaine to a ratio of 18-to-1. *See* § 2(a), 124 Stat. 2372. Specifically, the Act amends 21 U.S.C. § 841(b), which is the penalty provision of 21 U.S.C. § 841. The Act directed the United States Sentencing Commission to "as soon as practicable," but no later than 90 days after the Act's effective date, promulgate amendments to the Sentencing Guidelines reflecting the statutory changes. *Id.* at 2372-2375. The Commission adopted Amendment 750, which made permanent adjustments to the offense levels in Section 2D1.1 for various quantities of crack cocaine. *See* USSG, App. C, Vol. III at 374-381. The Commission voted to give part A of Amendment 750 (the part which is relevant to House's case) retroactive effect. *See* 76 Fed. Reg. 41332-41335 (July 13, 2011). Amendment 750 became effective on November 1, 2011. *Id.* at 41332. Part A of Amendment 750 is included among the Guidelines amendments covered by Revised Section 1B1.10, which sets forth the amendments to the Guidelines that may be applied retroactively. *See* USSG § 1B1.10(c).

Pursuant to 18 U.S.C. § 3582(c) the Court may reduce the sentence of a defendant who has been sentenced to a term of imprisonment that has subsequently been lowered by the United States Sentencing Commission. When a retroactive Guidelines Amendment is adopted, Section 3582(c)(2) "permits defendants sentenced based on a sentencing range that has been modified to move for a reduced sentence." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011). The Court may, in its discretion, reduce such a sentence after considering the factors set forth in Section 3553(a) to the extent that they are applicable. A reduction in a defendant's sentence *must be consistent with any applicable policy statements issued by the Sentencing Commission. See Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010).

The Supreme Court in *Dillon*, 130 S. Ct. at 2691-2692, set forth a two-step framework for applying Section 3582(c):

> The statute [18 U.S.C. § 3582(c)] thus establishes a two-step inquiry. A court must first determine that a reduction is consistent with §1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).
>
> Following this two-step approach, a district court proceeding under § 3582(c)(2) does not impose a new sentence in the usual sense. At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by determining the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.
>
> \*\*\*
>
> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case. Because reference to § 3553(a) is appropriate only at the second step of this circumscribed inquiry, it cannot serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings.

*Dillon*, 130 S. Ct. at 2691-2692 (internal citations and quotations omitted).

The extent of any reduction to a defendant's sentence is limited. Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may only be reduced when "such a reduction is consistent with the applicable policy statement issued by the Sentencing Commission." Congress delegated the authority to determine the extent to which a sentence may be reduced to the Sentencing Commission itself. *See* 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 994(u). The Commission has decided that, with one exception not relevant to House's case, the courts may not reduce a defendant's term of

4

imprisonment pursuant to Section 1B1.10(b) to a term that is less than the relevant minimum amended guideline range determined under subdivision (1). *See* USSG § 1B1.10(b)(2)(A). An application note to Section 1B1.10 provides that "if the original term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court may reduce the defendant's term of imprisonment to a term that is no less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)." USSG § 1B1.10 app. note 3.

Furthermore, in its revision to Section 1B1.10, the Sentencing Commission made clear that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range for the defendant's conduct. Specifically, subsection (a)(2)(B) states that "*[a] reduction* in the defendant's term of imprisonment is not consistent with this policy statement and therefore *is not authorized* under 18 U.S.C. § 3582(c)(2). . .*if an amendment* listed in subsection (c) *does not have the effect of lowering the defendant's applicable guideline range*." USSG § 1B1.10(a)(2)(B) (emphasis added). Therefore, the Court may not reduce House's sentence if application of Amendment 750 does not result in a different sentencing range from the range under which he was originally sentenced. *See United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011) (no reduction in sentence was allowed because the defendant was sentenced under the career offender guideline); *United States v. Woods*, 581 F.3d 531, 538 (7th Cir. 2009) (no reduction in sentence was allowed where no change in offense level occurred based on a particular quantity of crack cocaine); *United States v. Forman*, 553 F.3d 585, 589-590 (7th Cir. 2009) (same as *Griffin*). This limitation is straightforward:  the Court may only reduce a defendant's sentence pursuant to 18 U.S.C. 3582(c)(2) where the defendant was "sentenced

5

to a term of imprisonment based on a sentencing range that has subsequently been lowered" by retroactive amendments to the Sentencing Guidelines.

In the present case, the evidence before the Court at House's sentencing hearing established that his offense involved 844.8 grams of crack cocaine. Under the Guidelines in place at the time of House's original sentencing, House's base offense level was 34. Under the amended Fair Sentencing Act Guidelines, House's base offense level is also 34. *See* USSG § 2D1.1(c) ("At least 840 G but less than 2.8 KG of Cocaine Base" results in a base offense level of 34 even after retroactive Amendment 750 is taken into account). The two level increase in his offense level pursuant to USSG § 3C1.1 for obstruction of justice is not affected by the Fair Sentencing Act or retroactive Amendment 750, and therefore provides no basis for reducing House's sentence. As a result, House is not eligible for relief under § 3582(c). *See* U.S.S.G. § 1B1.10 (a)(2)(B) ("A reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range.").

House's main argument in pursuing his Motion is that the government and his appointed counsel erroneously stipulated to the 844.8 gram quantity of crack that this Court used in determining House's sentence. House contends that his counsel allowed 636.70 grams of crack cocaine to be attributed to his relevant conduct drug weight from an unrelated case in which he plead not guilty and had not had an opportunity to review the discovery or confront the government's witnesses. Furthermore, he argues (without any proof or authority) that his counsel did not put the government to its burden of establishing the total drug quantity for which he should have been sentenced. House explains that his attorney convinced him to stipulate to the larger quantity of

crack cocaine because under the Guidelines then in effect the difference between the two weights would have had no effect on his sentence. He argues that in light of the Fair Sentencing Act this in no longer the case, and that he is a mere 4.8 grams away from being eligible to receive a retroactive reduction to his term of imprisonment. House therefore asks this Court to "discard" 5 grams of crack cocaine attributed to him at sentencing pursuant to what he argues is the Court's inherent authority to correct errors that result from the inclusion of impermissible factors at sentencing.

House does not provide any authority to support the proposition that the Court possesses the authority to "discard" its previous findings at a sentencing hearing, or to correct errors resulting from the inclusion of impermissible factors at sentencing without proof that the Court committed an error. House and his counsel stipulated to the quantity of crack cocaine that this Court used to impose House's sentence. That quantity was determined to be 844.8 grams of crack cocaine. House has not proved that impermissible factors were used at his sentencing. This Court will therefore not reduce House's sentence based on his unproven allegation that the total drug weight attributed to him was erroneous. The Court conducted a fair sentencing hearing, and House stipulated to the amount of relevant crack cocaine. House's argument does not provide a basis for this Court to grant his Motion pursuant to 18 U.S.C. § 3582(c)(2). Instead, the proper vehicle for House's argument is likely a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The Court does not now pass on the merits of such a motion, it merely points out that House's arguments are more properly directed at a § 2255 motion.

**III. CONCLUSION**

For the foregoing reasons, House's sentence is ineligible for reduction and the Court denies his Motion for Reduction of Sentence.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: September 5, 2012